UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LOWELL HOUSING AUTHORITY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 08-10784-JLT |
| | * | |
| PSC INTERNATIONAL, INC., | * | |
| | * | |
| Defendant. | * | |

ORDER

April 22, 2010

TAURO, J.

This action arises out of an alleged written agreement ("Consulting Services Agreement"), under which Defendant PSC International, Inc., was to provide utility cost-savings consulting services to Plaintiff, Lowell Housing Authority. Plaintiff seeks a declaration from this court that the agreement is void and unenforceable against it. In an Order [#22] dated March 9, 2010, this court denied Plaintiff's Motion for Summary Judgment because genuine issues of material fact exist as to whether the agent who entered the contract on behalf of Plaintiff had the authority to bind Plaintiff. Presently at issue is Defendant's Motion to Compel Arbitration [#29] of this action. After reviewing the Parties' written submissions, this court hereby orders that Defendant's Motion to Compel Arbitration [#29] is DENIED.

"Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to so submit.... [W]hether or not [a party is] bound to arbitrate, as well as what issues it must arbitrate, is a matter to be determined by the Court on the

basis of the contract entered into by the parties."[1] Generally, where a contract contains an arbitration clause, there is a presumption in favor of arbitrability of the dispute.[2] But this presumption gives way when "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute."[3]

The dispute resolution clause contained in the Consulting Services Agreement provides in relevant part:

> "(a) we will first attempt to settle any dispute or claim (including any instance when you and we can't reach mutual agreement on any matter in this contract requiring mutual agreement) between you and us <u>arising out of this Agreement</u> promptly by good faith negotiations.
>
> (b) If any dispute or claim is not settled by negotiations within thirty (30) days of when you or we give written notice to the other that there is a claim or dispute, either you or we may demand non-binding mediation in accordance with the mediation procedures of the American Arbitration Association. The mediation will be conducted in Hartford, Connecticut.
>
> (c) If the dispute or claim is still not settled within forty-five (45) days after you or we have demanded mediation, then either you or we may make a demand in writing that the claim or dispute be finally submitted for binding arbitration."[4]

As the plain language of the contract makes clear, the parties have agreed to arbitrate only those disputes or claims "arising out of this Agreement." The current dispute, however, calls into question the *existence and validity* of a binding agreement and, thus, cannot reasonably be said to

---

[1] <u>AT&T Techs. v. Communications Workers of America</u>, 475 U.S. 643, 648-49 (1986) (internal quotations and citations omitted); <u>see also</u> <u>Mugnano-Bornstein v. Crowell</u>, 42 Mass. App. Ct. 347, 350 (1997).

[2] <u>AT&T Techs.</u>, 475 U.S. at 650.

[3] <u>Id.</u>

[4] Def.'s Opp. Pl's. Mot. Summ. Judg., Ex A, ¶ 11 (emphasis added).

arise out of the Consulting Services Agreement.  This court cannot compel the Parties to abide by an arbitration clause which may itself be rendered invalid if this court ultimately resolves this action in Plaintiff's favor.[5]  Accordingly, <u>Defendant's Motion to Compel Arbitration</u> [#29] is DENIED.[6]

IT IS SO ORDERED.

        /s/ Joseph L. Tauro
United States District Judge

---

[5] <u>See</u> <u>Large v. Conseco Fin. Servicing Corp.</u>, 292 F.3d 49, 53-54 (1st. Cir. 2002) (citing cases) (explaining that courts are not inclined to compel arbitration where the plaintiffs have claimed that the agreement at issue is void because the individual who signed it lacked the authority to bind the plaintiffs); <u>see also</u> <u>Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.</u>, 925 F.2d 1136, 1140-41 (9th Cir. 1991) (holding that, "because an arbitrator's jurisdiction is rooted in the agreement of the parties, a party who contests the making of a contract containing an arbitration provision cannot be compelled to arbitrate the threshold issue of [whether the signatory had authority to bind the plaintiffs to the agreement].").

[6] This court also notes that Defendant agreed not to oppose a stay of arbitration while "the contract issue is being resolved." <u>See</u> Pl.'s Opp. to Mot. Compel Arbitration, Ex. 1.  This court interprets this to mean that Defendant agreed not to seek arbitration until a final judgment is entered in this action as to the existence and validity of the Consulting Services Agreement.  Though this court held in an interlocutory denial of summary judgment that the Consulting Services Agreement was not rendered void by Mass. Gen. Laws c. 30B or HUD regulations concerning contingent fees, "the contract issue" has not yet come to final judgment.